LILLIAN CAPIE, Appellant, v. JAMES G. CAPIE and Others, Respondents.— Order modified by limiting the denial of plaintiff's motion to the relief asked for against defendants Kohl and Lindner and granting her motion, without costs, as to defendant James G. Capie by adjudging him in contempt for failure to produce the assignment in question, and committing him for such contempt until he produce it. Defendant Capie, with the other defendants, was required, by the order of July 29, 1927, to make discovery of the said assignment. Upon the present motion he submitted no affidavit in opposition, nor is there any proof that the assignment is not in his possession, or that it has been lost or destroyed, or that he cannot produce it. There is an allegation in the affidavit of defendant Lindner that she gave it to him. There is, therefore, an inference that it has since remained in his possession. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur. Settle order on notice.

JOSEPH A. CERRATO, Appellant, v. ALBERT WADLEY, Respondent.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. We are of opinion that the finding by the jury that the failure to pass title was not due to any fault of defendant, but solely to the unwillingness of the purchaser to close under the conditions stated in the binder, is contrary to the evidence. We are further of opinion that the statements made to the jury by counsel for defendant, consisting not of facts which he proposed to prove, but of deductions and conclusions, were unwarranted and prejudicial; that plaintiff's exceptions thereto were well taken, and that the trial court should have granted the withdrawal of a juror. The trial court, in his ruling, said, " I will take care of that situation later," but neglected, in his charge, to remove the effect of the statements from the minds of the jurors. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.